

**United States Bankruptcy Court**
**District of South Dakota**

**Charles L. Nail, Jr.**
**Bankruptcy Judge**

───────────────────────────────────────────────────────────────

Federal Building and United States Post Office                    Telephone: (605) 224-0560
225 South Pierre Street, Room 211                                          Fax: (605) 224-9020
Pierre, South Dakota 57501-2463

November 1, 2006


John S. Lovald, Esq.
Attorney for Trustee-Plaintiff
Post Office Box 66
Pierre, South Dakota  57501

Brian L. Utzman, Esq.
Attorney for Defendants
Post Office Box 899
Rapid City, South Dakota  57709-0899

       Subject:    *John S. Lovald, Trustee v. Barbara Van Ekeren, et al.*
                      *(In re Douglas G. Christenson and Roberta J. Moen-Christenson)*
                      Adversary No. 06-5023
                      Chapter 7; Bankr. No. 06-50051

Dear Counsel:

       The matters before the Court are the cross motions for summary judgment filed by Trustee-Plaintiff John S. Lovald and Defendants Barbara Van Ekeren, Danny Van Ekeren, and Van Ekeren Properties, Inc.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order and judgment shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052.  As set forth below, Trustee-Plaintiff Lovald's motion will be granted, and Defendants Van Ekerens' motion will be denied.

       **Summary**.  By his complaint, Trustee-Plaintiff John S. Lovald ("Trustee Lovald") sought turnover of certain personal property he alleged belonged to Debtors Douglas G. Christenson and Roberta J. Moen-Christenson ("Debtors").  That property (the "restaurant equipment") was described in a state court complaint filed by Defendants Barbara Van Ekeren, Danny Van Ekeren, and Van Ekeren Properties, Inc. ("Van Ekerens") prior to the filing of Debtors' bankruptcy petition.  On September 8, 2006, Trustee Lovald and Van Ekerens filed cross motions for summary judgment.  In connection therewith, they stipulated to the following facts:

Re: *Lovald v. Van Ekeren*
November 1, 2006
Page 2

1. Van Ekerens have been friends of Debtors Douglas Christenson and Roberta Moen Christenson.

2. Debtors approached Van Ekerens to solicit their financial assistance in starting a restaurant business named Neighbor's Chicken.

3. Debtors' restaurant business was a sole proprietorship operating out of real estate owned by Van Ekerens. Van Ekerens agreed to infuse cash into the restaurant business owned and operated by Debtors. Van Ekerens lent approximately $25,000 in operating cash to Debtors. Debtors have not paid back any of this loan.

4. Van Ekerens provided monies for tenant finish items on the premises leased by Debtors from Van Ekerens. Debtors have not paid back any of this loan.

5. Van Ekerens lent Debtors monies to acquire restaurant equipment in the amount of $24,371.33. Debtors have not paid back any of this loan.

6. A total amount owed by Debtors to Van Ekerens for equipment provided, cash infused and tenant finish expenses is $172,828.28. Debtors have not paid back any of these monies to Van Ekerens.

7. Neither Van Ekerens nor Debtors had legal counsel in these loan transactions. No written loan documents were prepared or entered into concerning these loan transactions.

8. Van Ekerens commenced a state court action to recover these monies from Debtors in the Seventh Judicial Circuit, Pennington County, South Dakota, File No. C06-61. The parties agree that all pleadings on file in that action may be considered by the Court in this matter. The Summons and Complaint were dated January 6, 2006.

9. Prior to commencement of the state court action, Debtors vacated the leased premises and left the restaurant equipment there. Van Ekerens took possession of the leased premises and the restaurant equipment prior to Debtors commencing their bankruptcy case on March 31, 2006. Debtors claimed ownership of the restaurant equipment in their filed bankruptcy schedules.

Re: *Lovald v. Van Ekeren*
November 1, 2006
Page 3

10. Prior to the date Debtors commenced their bankruptcy case, Debtors sold some of the restaurant equipment and turned the proceeds over to Van Ekerens.  Van Ekerens will create a list of the restaurant equipment that was sold by Debtors and the amount of monies turned over to them as a result of the sale.

11. Debtor Roberta Moen Christenson testified at her 341 meeting that the Van Ekerens lent them money to acquire restaurant equipment and the monies were used to acquire the restaurant equipment in question.

12. Van Ekerens did in fact loan monies to Debtors so that restaurant equipment could be procured.  Debtors procured the restaurant equipment in question with said loan proceeds.

13. Debtor Roberta Moen-Christenson testified at the 341 meeting that based upon advice of Debtors' counsel Debtors made a claim against Van Ekerens for monies utilized to "wind up" their business and to pay bills associated with the business.  Said monies were obtained by borrowing money from Debtor Roberta Moen-Christenson's employer.

In the briefs they filed in support of their respective motions for summary judgment, Trustee Lovald and Van Ekerens further agreed no material facts were in dispute and summary judgment was therefore appropriate.  They disagreed, however, on who was entitled to summary judgment.

**Discussion.**  Summary judgment is appropriate when "there is no genuine issue [of] material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(c).  An issue of material fact is *genuine* if it has a real basis in the record.  *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (quotes therein).  A genuine issue of fact is *material* if it might affect the outcome of the case.  *Id.* (quotes therein).

The matter must be viewed in the light most favorable to the party opposing the motion.  *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997).  Where motive and intent are at issue, disposition of the matter by summary judgment may be more difficult.  *Cf. Amerinet, Inc. v. Xerox Corp.*, 972 F.2d 1483, 1490 (8th Cir. 1992)) (citation omitted).

The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points out that part of the record that bears out his assertion. *Handeen v. LeMaire*, 112 F.3d 1339, 1346 (8th Cir. 1997) (quoting therein

Re:  *Lovald v. Van Ekeren*
November 1, 2006
Page 4


*City of Mt. Pleasant v. Associated Electric Coop*, 838 F.2d 268, 273, (8th Cir. 1988). No defense to an insufficient showing is required.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-51 (1970) (citation therein); *Handeen*, 112 F.3d at 1346.

If the movant meets his burden, however, the non movant, to defeat the motion, "must advance specific facts to create a genuine issue of material fact for trial."  *Bell*, 106 F.3d at 263 (quoting *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 64 F.3d 1202, 1211 (8th Cir. 1995)).  The non movant must do more than show there is some metaphysical doubt; he must show he will be able to put on admissible evidence at trial proving his allegations.  *Kiemele v. Soo Line R.R. Co.*, 93 F.3d 472, 474 (8th Cir. 1996), and *JRT, Inc. v. TCBY System, Inc.*, 52 F.3d 734, 737 (8th Cir. 1995) (both cited in *Bell*, 106 F.3d 263).

In this case, nothing in the record suggests Debtors ever granted Van Ekerens a security interest in the restaurant equipment.  The stipulated facts make no mention of such a security interest.  Van Ekerens' state court complaint — a relatively straightforward complaint to recover money — likewise makes no mention of such a security interest.  Finally, Debtors' bankruptcy schedules indicate Van Ekerens are unsecured creditors, not secured creditors.

Van Ekerens nevertheless argued Debtors should be judicially estopped from claiming ownership of the restaurant equipment, for two reasons:  first, Debtors' state court trial attorney suggested in a letter to Van Ekerens' attorney that Van Ekerens owned the restaurant equipment; and second, Debtors scheduled a claim against Van Ekerens "based upon Van Ekerens' ownership of the Neighbor's Chicken restaurant business."[1]  Even if it were otherwise admissible, *see* Fed.R.Evid. 408, the letter was merely attached to Van Ekerens' brief in support of their motion for summary judgment.  The explanation of the basis of Debtors' claim against Van Ekerens was likewise included in Van Ekerens' brief in support of their motion for summary judgment.  Neither has been received as evidence.  Thus, neither is a part of the record before the Court.

Moreover, *Debtors* are not parties to these proceedings.  Even assuming *Trustee Lovald* would otherwise be judicially estopped from claiming Debtors are the owners of the restaurant equipment, any question regarding Debtors' ownership of it has been resolved by the stipulated facts.

---

[1] That explanation does not appear on Debtors' schedules, which reflect only a "[c]laim against Van Ekerens."

Re: *Lovald v. Van Ekeren*
November 1, 2006
Page 5

Van Ekerens also argued Debtors may have abandoned any interest they had in the restaurant equipment. Van Ekerens cited no South Dakota or Eighth Circuit authority in support of this argument. They instead cited *Sanchez v. Forty's Texaco Service, Inc.*, 499 A.2d 436 (Conn. App. 1985). In that case, the court found the following facts evidenced the plaintiff's intent to abandon a car:

> The car was sent to the defendant by Danbury with dealer plates on it and without any certificate of registration in it. The defendant looked through the car for identification of its owner without success. The defendant did not know whose car it was and was waiting for it to be claimed. When the plaintiff's husband came in and said it was his car, the defendant's representative told him he could have it, but he refused to take it because the defendant would not extend a warranty to him for the repairs. He then left without leaving his name and address. The defendant did not begin to run storage charges on the car until two or three months later. Ultimately, the defendant learned of the plaintiff's ownership of the car, and gave her notice of the proposed auction of the car, but she took no action to challenge or attend the auction.

*Sanchez*, 499 A.2d at 437.

By contrast, in this case, while Trustee Lovald and Van Ekerens stipulated Debtors vacated the leased premises and left the restaurant equipment behind, there is nothing in the agreed record to suggest Debtors thereby intended to abandon the restaurant equipment. To the contrary, and as Trustee Lovald and Van Ekerens further stipulated, Debtors claimed ownership of the restaurant equipment on their bankruptcy schedules.

Under the circumstances, the Court finds Debtors were the owners of the restaurant equipment on the date they filed their bankruptcy petition and Van Ekerens are unsecured creditors herein. As unsecured creditors, Van Ekerens have no right to possession of the restaurant equipment.[2] It is now an asset of the bankruptcy estate.

---

[2] Because Debtors did not grant Van Ekerens a security interest in the restaurant equipment, the Court does not reach the questions of whether an agreement to grant such an interest can be oral; whether Van Ekerens perfected a security interest by possession; or whether any such perfection would be a preference within the meaning of 11 U.S.C. § 547.

Re: *Lovald v. Van Ekeren*
November 1, 2006
Page 6

      Van Ekerens have failed to advance specific facts to create a genuine issue of material fact for trial. Trustee Lovald is entitled to judgment as a matter of law. Trustee Lovald's motion for summary judgment will therefore be granted, and Van Ekerens' motion for summary judgment will be denied. The Court will enter an appropriate order directing turnover of the restaurant equipment in Van Ekerens' possession.[3]

      Sincerely,

      Charles L. Nail, Jr.
      Bankruptcy Judge

CLN:sh

cc:   adversary file (docket original in adversary; serve copies on counsel)

```
On the above date, a copy of this document
was mailed or faxed to the parties shown  on
the Notice of Electronic Filing as not having
received electronic notice.

Linda M. LaFortune
Acting Clerk, U.S. Bankruptcy Court
District of South Dakota
```

---

[3] With respect to the sale proceeds Debtors turned over to Van Ekerens prior to the filing of Debtors' bankruptcy petition, if Trustee Lovald and Van Ekerens are not able to agree on the amount Van Ekerens received or Van Ekerens are unwilling to voluntarily turn over those proceeds, Trustee Lovald will need to commence a separate adversary proceeding. Trustee Lovald's complaint herein did not request relief with respect to those proceeds. Moreover, any such relief would need to be sought under 11 U.S.C. § 547, not 11 U.S.C. § 542.